UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICAINE A. SEELEY,

        Plaintiff,

  v.                                      Case No. 22-cv-272-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed, not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no source of income and expenses of $387 per month ($300 credit card payments, $87 other household expenses). Id. at 2-3. The plaintiff owns a 2005 Lexus GX470, worth

1

approximately $5,000. Id. at 3. He does not own his home or any other property of value and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff says, "I currently live in my vehicle due to being unable to find a safe place for me to live with my medical condition and I use my significant other's mailing address. I am technically homeless, am unable to work or provide for myself, and receive food stamps, which allows me to eat. I have to get financial assistance from friends to pay my bills; however, I am well below the poverty line and am ill." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed his complaint using this district's standard form. Dkt. No. 1. The plaintiff indicates that he is seeking Supplemental Security Income benefits, that he was denied benefits, that he received an Administrative Law Judge's decision on March 3, 2021 and an Appeals Council's notice or

determination on January 31, 2022 (although he has not attached those documents to the complaint as directed). Id. at 3. The complaint states that the plaintiff was disabled during the time period included in this case and that the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law and regulation. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 4th day of March, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**